UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PATRICIA RAMOS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 1:26-cv-10788-JEK |
| GORDON N. SCHULTZ, DUANE SULLIVAN, JOHANNA RAMOS SMOOT, TANEI SMOOT, and JOHN DOES 1-10, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS**

**KOBICK, J.**

Plaintiff Patricia Ramos filed this *pro se* complaint against the defendants—Attorney Gordon Schultz, Attorney Duane Sullivan, Johanna Ramos Smoot, Tanei Smoot, and other unnamed individuals—for allegedly using the state court system to unlawfully seize her property in violation of her constitutional rights. Pending before the Court are the named defendants' separate motions to dismiss. For the reasons that follow, the Court will dismiss this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3), as required by the *Rooker-Feldman* doctrine.

**BACKGROUND**

The Court recounts the facts based on the allegations in the complaint and documents from Ramos' two state court proceedings, including those attached to the complaint. *See Martínez-Rivera v. Commonwealth of Puerto Rico*, 812 F.3d 69, 74 (1st Cir. 2016).

In February 2022, Ramos conveyed her property at 14 Milton Street in Dartmouth, Massachusetts via quitclaim deed to the Dagger Real Estate Trust. ECF 1-5. Judith McMullen was

the trustee for that trust. *Id.* The ownership of the Dartmouth property was at issue in a case filed by Attorney Schultz, a defendant here, against McMullen in Newton District Court in October 2023. *See* Compl., *Gordon N. Schultz d/b/a Schultz Law Group v. McMullen*, No. 2312CV000212 (Mass. Dist. Ct. Oct. 3, 2023). In December 2023, that court entered judgment for Schultz against McMullen for nearly $94,000 plus attorney fees and found that McMullen owned the Dartmouth property. ECF 7-1, at 1; 7-2, at 4. That same month, the court appointed Attorney Sullivan as a receiver "to take possession of" that property and "do whatever else [was] necessary, for the purpose of selling [it] and then paying the proceeds thereof to" Schultz to satisfy his judgment against McMullen. ECF 7-1. Sullivan ultimately sold the property for $399,900 in August 2025. ECF 1-6, at 3. In his final report from February 2026, Sullivan noted that Ramos was "a former owner of the [Dartmouth] property" and that her "relatives," Tanie and Jonathan Smoot, had made the successful offer to purchase that property. *Id.*

Ramos and McMullen filed a separate action in Bristol Superior Court against Schultz and Sullivan, among others, in April 2024. ECF 7-2, at 7-10. Along with other claims, Ramos and McMullen sought a declaratory judgment that Ramos held all beneficial interest in the Dartmouth property. Paper 26, at 1-2, *Ramos v. Schultz*, No. 2473CV00321 (Mass. Super. Ct. Oct. 8, 2024). That court dismissed the claims against Schultz for improper service in October 2024. *Id.* at 6-7. It also dismissed the claims against Sullivan for lack of jurisdiction and for failure to state a claim because Ramos and McMullen failed to obtain the requisite leave of the Newton District Court to sue an appointed receiver. *Id.* at 3-4. In rejecting the argument that Ramos was "not bound by the default judgment against McMullen and associated receivership" because she "was not a party to the Newton action," the court explained that "[t]he plaintiffs cite[d] no authority for the proposition that Ramos is permitted to bring a separate action against a duly appointed receiver without leave

2

of court, rather than seek to intervene in the District Court action to obtain such leave or move for reconsideration of the receivership order." *Id.* at 4; *see Wood v. Comins*, 303 Mass. 367, 369 (1939) ("[A]n action cannot be brought against a receiver without leave of the court appointing him."); M.G.L. c. 111, § 127I ("No suit shall be brought against the receiver except as approved by the court which appointed the receiver."). Ramos and McMullen appealed that decision in December 2024, but the Appeals Court dismissed the appeal in July 2025. ECF 7-2, at 12-14, 16-17.

Ramos initiated this case in February 2026 to contest the allegedly "unlawful seizure, receivership, and sale of real property owned by" her that was "accomplished through judicial proceedings" at which she "was never a party." ECF 1, at 2-3. According to the complaint, she was the sole beneficial owner of the property at 14 Milton Street in Dartmouth, and "Schultz admitted that the property belonged to [her], not Judith McMullen," after seizing and selling it. *Id.* at 3-4. Ramos asserts claims for declaratory judgment (Count I), quiet title (Count II), injunctive relief (Count III), and equitable accounting (Count IV), as well as claims under 42 U.S.C. § 1983 for violations of her procedural and substantive due process rights under the Fourteenth Amendment (Counts V and VI), an unreasonable seizure in violation of the Fourth Amendment (Count VII), and a taking without just compensation under the Fifth and Fourteenth Amendments (Count VIII). *Id.* at 4-5. Among other relief, she requests "[d]eclaratory judgment voiding all acts against the property" and "[j]udgment quieting title in [her] name." *Id.* at 6.

In April 2026, the defendants each filed motions to dismiss raising different grounds for dismissal. ECF 6, 8-11. Sullivan moved to dismiss pursuant to the Massachusetts anti-SLAPP statute, M.G.L. c. 231, § 59H, or for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF 6. Johanna Smoot moved to dismiss pursuant to Rule 12(b)(6) because, in her view, "there are no facts in [the] Complaint indicating that [she is] involved in this matter." ECF 9. She

and Tanei Smoot also filed separate motions to dismiss invoking, incorrectly, Rules 11(b)(1) and (3). ECF 8, 10. Schultz moved to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim under Rules 12(b)(1), (2), (5), and (6), respectively. ECF 11. He expressly raised the *Rooker-Feldman* doctrine. *See id.* at 2; ECF 13, at 2, 5-6. Ramos timely opposed Sullivan's motion to dismiss that same month. ECF 24. In May 2026, in response to a show cause order, Ramos opposed the other defendants' motions to dismiss. ECF 28, 33-35.

## DISCUSSION

When considering motions to dismiss that raise multiple grounds for dismissal, the Court ordinarily "resolves doubts about its jurisdiction over the subject matter" before addressing personal jurisdiction or the merits. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578, 583 (1999). The Court therefore begins, and ends, with Schultz's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In evaluating such a motion, the Court must "take all well-pleaded allegations as true and give [Ramos] the benefit of all reasonable inferences." *Perales-Muñoz v. United States*, 151 F.4th 1, 6 (1st Cir. 2025). As "the party seeking to invoke federal jurisdiction," Ramos bears "the burden of demonstrating [its] existence." *Id.* The Court may also consider jurisdictional evidence submitted by the parties and matters subject to judicial notice. *See Martínez-Rivera*, 812 F.3d at 74. "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Congress has given the United States Supreme Court jurisdiction to review "[f]inal judgments or decrees rendered by the highest court of a State" where the judgment in question concerns federal law. 28 U.S.C. § 1257(a). This jurisdiction is "exclusive" to the Supreme Court.

*Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). "Accordingly, under what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Id.*; *see D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "The idea is that . . . the only federal court with statutory jurisdiction to review a state court's decision is the Supreme Court, and 'an aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly.'" *Tyler v. Supreme Jud. Ct. of Mass.*, 914 F.3d 47, 50 (1st Cir. 2019) (quoting *Rooker*, 263 U.S. at 416). This doctrine "applies only in the 'limited circumstances' where 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 24 (1st Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)).

Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to adjudicate Ramos' claims. By requesting declaratory judgment to invalidate "all attachment, receivership, sale, and title-related orders" and "permanent injunctive relief . . . enjoining enforcement of void orders," the complaint improperly asks this Court to review and reject the final judgment of the Newton District Court. ECF 1, at 4. That court held that McMullen owned the disputed Dartmouth property and it appointed Sullivan to sell the property. Ramos now requests that this Court find, contrary to the Newton District Court, that she—rather than McMullen—was the sole beneficial owner of the Dartmouth property, such that Sullivan's seizure and sale of that property was invalid. All of Ramos' claims, including the constitutional ones, raise this property issue and are therefore squarely foreclosed by *Rooker-Feldman*. That is so because, in this "paradigm situation," her claims address an injury caused by the state court judgment and ask the "federal court to undo

5

[that] judgment." *Exxon Mobil*, 544 U.S. at 293 (quotation marks omitted); *see Dorce v. City of New York*, 2 F.4th 82, 104 (2d Cir. 2021) (*Rooker-Feldman* barred plaintiffs from seeking "to void the state court foreclosure decisions transferring their property"); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (same where plaintiff "ask[ed] the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently"); *McCormick v. Braverman*, 451 F.3d 382, 395-96 (6th Cir. 2006) (same where plaintiff alleged that an "order of receivership . . . seize[d] [her] real estate in violation of [her] United States Constitutional rights" (citation modified)).

In Ramos's view, the *Rooker-Feldman* doctrine is inapplicable because she was not a party to the Newton District Court action. *See* ECF 35, at 2. While generally this "doctrine does not bar actions by nonparties to the earlier state-court judgment simply because . . . they could be considered in privity with a party to the judgment," there may be circumstances where "*Rooker-Feldman* may be applied against a party not named in an earlier state proceeding." *Lance*, 546 U.S. at 466 & n.2. As relevant here, courts have repeatedly recognized that "'[s]omeone who loses an ownership interest in property' in a state court proceeding . . . 'has lost in state court'" for purposes of the *Rooker-Feldman* doctrine, "even if he was 'not [a] named part[y] to the state action.'" *Binder v. Cap. One Bank, N.A.*, No. 25-1201, 2025 WL 3751871, at *2 (2d Cir. Dec. 29, 2025) (quoting *Dorce*, 2 F.4th at 102); *see Merritts v. Richards*, 62 F.4th 764, 775 (3d Cir. 2023) (plaintiff "qualifie[d] as a state-court loser for purposes of his § 1983 claims that [were] premised on the unlawful acquisition of the easements" in an *in rem* proceeding because that proceeding, "to which [he] was not a party, . . . still determined the status of his property with respect to all possible interest holders, including him as owner," and thus "had the same legal consequences for [him] as for his property"). Courts have also applied *Rooker-Feldman* where the plaintiff, who "was not a

6

party to the litigation surrounding the order of receivership," challenged the constitutionality of that order because he was sufficiently in privity with the actual party who lost in state court. *McCormick*, 451 F.3d at 395-96; *see Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 748 (10th Cir. 2023) (same because, as a "claimant in a receivership proceeding, although neither plaintiff nor defendant, [plaintiff was] equally bound by a state court judgment and would have a similar right to and interest in appealing it").

The same analysis applies in this case. Although Ramos was not a party to the case in Newton District Court, that court still determined that McMullen owned the Dartmouth property and appointed Sullivan as a receiver to sell the property. While Ramos alleges that she is the sole beneficial owner of that property, the Newton District Court found otherwise. Ramos now seeks to reverse that determination and undo Sullivan's receivership in this Court. But Ramos does not dispute that she could have participated in the Newton District Court litigation or, alternatively, sought leave from that court to reconsider its order. *See Bruce*, 57 F.4th at 748 ("receivership proceedings . . . allow parties not named in the suit to have their interests adjudicated and to appeal"). Indeed, the Bristol Superior Court explained to her and McMullen that they should have "intervene[d] in the District Court action to obtain such leave or move[d] for reconsideration of the receivership order." Paper 26, at 4, *Ramos*, No. 2473CV00321; *see Robinson v. Trs. of New York, N.H. & H.R. Co.*, 318 Mass. 121, 129 (1945) ("[O]ne bringing an action against a receiver must first obtain from the court that appointed the receiver permission to sue him."). Permitting Ramos to proceed with her claims here would constitute "an end-run around a final state-court judgment" of the Newton District Court. *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 66 (1st Cir. 2018). It would also defeat the purposes of the *Rooker-Feldman* doctrine by rendering such a state court judgment susceptible to review in this Court so long as an interested individual,

who was not a named party in the underlying action, filed the lawsuit. *See Dorce*, 2 F.4th at 102 ("Under that approach, state court decisions based on in rem jurisdiction would have inferior force to state court decisions based on other types of jurisdiction, which could be reviewed only by the Supreme Court."); *McCormick*, 451 F.3d at 396 ("It would be inconsistent to disallow the party in the state suit to raise a federal claim but to allow his privy to bring the exact same claim."). Having lost her ownership in the Dartmouth property by the judgment of the Newton District Court, Ramos is a state-court loser for purposes of the *Rooker-Feldman* doctrine, even though she was not a party to that action.

The complaint also, in effect, requests that this Court revisit the final judgment of the Bristol Superior Court. Unlike the Newton District Court lawsuit, Ramos was a party to the Bristol Superior Court litigation. The Superior Court held that Ramos and McMullen could not sue Sullivan as a court-appointed receiver because they failed to secure leave from the Newton District Court to do so. It also rejected the argument that Ramos was "not bound by the default judgment against McMullen and associated receivership" because she "was not a party to the Newton action." Paper 26, at 4, *Ramos*, No. 2473CV00321. This Court could not grant Ramos' requested relief here to invalidate the receivership and sale of the Dartmouth property without revisiting the Bristol Superior Court's decision, which did not disturb the Newton District Court's order finding that McMullen owned the disputed property and appointing Sullivan to sell the property. Since this lawsuit effectively "seeks to invalidate [two] antecedent state cour[t] judgments," the Court lacks jurisdiction and must dismiss the case under Federal Rule of Civil Procedure 12(h)(3). *Klimowicz*, 907 F.3d at 66-67; *see* ECF 11, at 7, *McMullen v. Schultz*, No. 25-cv-12227-LTS (D. Mass. Aug. 18, 2025) (holding that a similar complaint filed by Ramos and McMullen

"appeared on [its] face to be precluded by" *Rooker-Feldman* where "a final order ha[d] been entered in the state-court proceeding"), *appeal docketed*, No. 25-1896 (1st Cir. Aug. 22, 2025).

## CONCLUSIONS AND ORDERS

For the foregoing reasons, Schultz's motion to dismiss for lack of subject matter jurisdiction, ECF 11, is GRANTED. This action is, accordingly, DISMISSED for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3). Sullivan's motion to dismiss, ECF 6, Johanna Smoot's motions to dismiss, ECF 8 and 9, Tanei Smoot's motion to dismiss, ECF 10, are DENIED as moot. Ramos' motion to strike and request for an evidentiary hearing, ECF 22, and her motion for a show cause order, ECF 30, are also DENIED as moot.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
Dated: July 13, 2026                                UNITED STATES DISTRICT JUDGE

9